IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

U S WEST COMMUNICATIONS, INC.,
a Colorado Corporation,

        Plaintiff,

vs.                                                                 No. CIV 97-124 JP/JHG

ERIC SERNA, JEROME BLOCK, and
GLORIA TRISTANI, Commissioners of the
New Mexico State Corporation Commission; and
WESTERN WIRELESS CORPORATION, a
Washington Corporation,

        Defendants.

## MEMORANDUM OPINION AND ORDER

The subject of this Order is the motion to dismiss for lack of jurisdiction filed by defendants Eric Serna, Jerome Block, and Gloria Tristani (the "Commissioners") on August 4, 1997 (Doc. No. 34). After thoroughly considering the pleadings, law, facts, and arguments of counsel, I conclude that the motion should be granted. I will, however, permit U S West to file an amended complaint setting forth the basis for federal jurisdiction if it can do so consistent with Federal Rule of Civil Procedure 11.[1] In an amended complaint, U.S. West may challenge the New Mexico State Corporation

---

[1] Even though I am dismissing the complaint for lack of jurisdiction, I retain jurisdiction over defendant Western Wireless' counterclaim. See, e.g., Manufacturers Casualty Insurance Co. v. Arapahoe Drilling Co., 267 F.2d 5, 8 (10th Cir. 1959) (deciding that a counterclaim can survive dismissal of the complaint if jurisdiction "exist[s] within the scope of the allegations of the counterclaim; the claim made in the counterclaim [is] independent of that made in the main case; and ... affirmative relief [is] sought"). Western Wireless' counterclaim is based on the Telecommunications Act of 1996 and seeks, among other things, compensation under an interconnection agreement approved by the New Mexico State Corporation Commission. The counterclaim was filed after the Commission had approved the interconnection agreement, and thus, was not premature.

Commission's (the "Commission") March 5, 1997 Order adopting the interconnection agreement, instead of the January 1997 Orders that were challenged in the original complaint, but U S West may not add any new claims or bases for relief in its amended complaint.

Background

In its complaint, U S West alleges violations of the Telecommunications Act of 1996 (the "TCA"), specifically 47 U.S.C. § 252, and an unlawful taking contrary to the Fifth and Fourteenth Amendments to the United States Constitution.

Under 47 U.S.C. § 251(a)(1) U S West is required "to interconnect directly or indirectly with the facilities and equipment of other telecommunications carriers." See also 47 U.S.C. § 251(c). In addition, U S West is required by 47 U.S.C. § 251(b)(5) "to establish reciprocal compensation arrangements for the transport and termination of telecommunications."

Under the TCA, if Western Wireless and U S West were unable to negotiate an interconnection agreement, they could seek an arbitration before the Commission. See 47 U.S.C. § 252(b). Following the arbitration, an interconnection agreement is submitted to the Commission for approval or rejection. 47 U.S.C. § 252 (e)(1). "[A]ny party aggrieved by [the Commission's] determination may bring an action in an appropriate Federal district court to determine whether the agreement or statement meets the requirements of section 251 of [the TCA]." 47 U.S.C. § 252(e)(6).

Here, Western Wireless requested to negotiate a reciprocal compensation arrangement with U S West on March 29, 1996. Evidently, the parties were unable to reach an agreement because, on September 6, 1996, Western Wireless filed a petition for arbitration before the Commission. The arbitration took place during December 1996 and on January 2, 1997, the Commission issued an Order. From the pleadings, it appears as if the Order directed U S West and Western Wireless, within

30 days, to submit for approval or rejection an interconnection agreement consistent with the terms of the Commission's Order.  On January 12 or 13, 1997, U S West petitioned the Commission for rehearing.  On January 30, 1997, the Commission issued a "corrected" Order.  U S West filed its complaint in this court on January 31, 1997.  On February 3, 1997 the parties filed an interconnection agreement with the Commission.  On March 5, 1997, more than one month after U S West filed suit, the Commission approved the interconnection agreement.  On March 13, 1997, the Commission granted in part and denied in part U S West's petition for rehearing.  On March 17, 1997, Western Wireless filed its answer and counterclaim.

Analysis

In its first three counts, U S West invokes the TCA in seeking relief from the Commission's Order and corrected Order, both issued in January, 1997.  The TCA however provides for federal court review only "to determine whether the agreement or statement meets the requirements of section 251 of [the TCA]."  47 U.S.C. § 252(e)(6).  There was no "agreement" to interpret until the Commission approved the interconnection agreement on March 5, 1997.  "The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed.  Like most general principles, however, this one is susceptible to exceptions ...."  Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830, 109 S.Ct. 2218, 2222 (1989) (citation omitted).  This is not a case where an exception would apply.  When U S West filed its complaint on January 31, 1997, it was premature and I lacked jurisdiction over those claims.[2]

Similarly, U S West's constitutional claims were premature as of January 31, 1997, when the

---

[2] Numerous courts have similarly found jurisdiction lacking when a complaint is filed prior to an interconnection agreement being approved.  See GTE South, Inc. v. Breathitt, 963 F.Supp. 610, 612 (E.D. Ky. 1997) (and cases cited therein).

complaint was filed.  Assuming that a taking occurred, it could not have occurred until the interconnection agreement was approved by the Commission on March 5, 1997.  U S West seems to acknowledge this by stating that it had "an existing interconnection contractual agreement" with Western Wireless which predated the agreement that was approved by the Commission on March 5, and that the existing "contractual agreement is presently binding upon the parties.  At all times relevant to this matter, [U S West] has adhered to the terms and conditions of this contract and has *expressed its intention to continue  to do so through the date the Commissioners approve a new interconnection agreement."*  Complaint ¶¶ 27-28 (emphasis added).  When U S West filed its complaint, its constitutional claims were not yet ripe for review.

    IT IS THEREFORE ORDERED that:

    1.  The Commissioners' motion to dismiss is GRANTED and U S West's complaint is dismissed without prejudice.

    2.  U S West may, by not later than March 10, 1998, file an amended complaint setting forth the basis for federal jurisdiction if it can do so consistent with Federal Rule of Civil Procedure 11; however, while U.S. West may challenge the March 5, 1997 Order adopting the interconnection agreement, U S West may not add any new claims or bases for relief in its amended complaint.

    3.  If U S West timely files an amended complaint, Western Wireless' answer to the original complaint, filed March 17, 1997, will be deemed to answer the amended complaint, and to admit jurisdiction in this court, unless Western Wireless chooses to deny any new allegations contained in the amended complaint.  If Western Wireless wishes to deny any of the new allegations, it must file its answer in accordance with the Federal Rules of Civil Procedure.

    4.  The pending motion to dismiss based on Eleventh Amendment immunity and the related

briefs need not be refiled.  Once U S West's claims are properly before me, I will decide the motion and also issue a decision regarding the proper scope of review.

                                                                           _____
                                                                           UNITED STATES DISTRICT JUDGE